IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMARA HERDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-01013-DGK-SSA |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Tamara Herdman's application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including migraine headaches, osteoarthritis, mild degenerative disc disease of the lumbar spine, right knee bursitis, and right humerus fracture (status post right humeral nailing). Nevertheless, the ALJ found that she retained the residual functional capacity ("RFC") to perform unskilled, light work with additional limitations.[1] This included work as a marker, production assembler, and injection molding tender. Following Plaintiff's right humerus fracture on or after May 10, 2018, the ALJ found Plaintiff could work as a furniture rental clerk, counter clerk, and usher.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

---

[1] The ALJ found modified limitations as of May 10, 2018, following Plaintiff's right humerus fracture. R. at 14.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for disability insurance benefits on August 27, 2017, alleging a disability onset date of December 3, 2014. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. On February 12, 2020, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on October 27, 2020, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are "supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternative outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred (1) at Step Five by failing to find Plaintiff disabled pursuant to the Medical-Vocational Guidelines ("the grids"); and (2) at Step Four by failing to identify any functional restrictions caused by Plaintiff's migraine headaches. *See* Pl.'s Brief at 20–23, ECF No. 10. As such, Plaintiff concludes the ALJ's decision is not supported by substantial evidence. These arguments are unavailing.

**I.      The ALJ properly found Plaintiff not disabled pursuant to the grids at Step Five.**

Plaintiff argues she is disabled pursuant to the grids given her age, limit to light work, and no transferrable skills to sedentary work. As an initial matter, the ALJ did not discuss sedentary work and found the transferability of job skills immaterial to Plaintiff's disability determination.[3]

"The grids are a set of charts listing certain vocational profiles that warrant a finding of disability or non-disability." *McCoy v. Astrue*, 648 F.3d 605, 613 (8th Cir. 2011) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2). "The grids come into play at step five of the analysis, where 'the burden

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[3] Specifically, the ALJ stated "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)." R. at 18.

3

shifts to the Commissioner to show that the claimant has the physical residual capacity to perform a significant number of other jobs in the national economy that are consistent with her impairments and vocational factors such as age, education, and work experience.'" *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012) (quotation omitted).

Here, Plaintiff was 45 years old when she alleged her disability began, placing her in the "younger person" category. *See* 20 C.F.R. § 404.1563(c). Plaintiff was 52 years old when her insured status expired in December 2019, placing her in the "closely approaching advanced age" category. *See* 20 C.F.R. § 404.1563(d). The ALJ found Plaintiff had at least a high school education, could communicate in English, and had previously worked in semi-skilled and skilled jobs. R. at 17–18. Given these findings, the grids indicate Plaintiff was not disabled both in the "younger individual" and "closely approaching advanced age" categories, regardless of whether she had transferable job skills. *See* 20 C.R.F. Pt. 404, Subpt. P, App. 2, §§ 202.14, 202.15, 202.21, 202.22. Accordingly, Plaintiff's first argument fails.

## II.     The ALJ did not err at Step Four.

As best the Court can tell, Plaintiff challenges two aspects of the RFC. First, Plaintiff argues the ALJ committed legal error by failing to incorporate migraine-specific limitations in the RFC as required by SSR 19-4p. Second, Plaintiff appears to argue the ALJ improperly discounted her subjective reports of migraine-related pain and symptoms. Both arguments are unavailing.

A claimant's RFC is the most the claimant can do despite her physical or mental limitations. *See* 20 C.F.R. § 404.1545(a)(1). "The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quotation omitted). As noted above, we will not disturb an ALJ's

4

RFC finding as long as it is supported by "substantial evidence in the record as a whole." *Igo*, 839 F.3d at 728.

As it relates to Plaintiff's argument, SSR 19-4p states:

> If a person's primary headache disorder, alone or in combination with another impairment(s), does not medically equal a listing at step three of the sequential evaluation process, we assess the person's residual functional capacity (RFC). We must consider and discuss the limiting effects of all impairments and any related symptoms when assessing a person's RFC. The RFC is the most a person can do despite his or her limitation(s).
>
> We consider the extent to which the person's impairment-related symptoms are consistent with the evidence in the record. For example, symptoms of a primary headache disorder, such as photophobia, may cause a person to have difficulty sustaining attention and concentration. Consistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC.

Here, Plaintiff's RFC includes migraine-related limitations, hence Plaintiff's first argument is without merit. Namely, the ALJ found Plaintiff had the RFC to "perform light work" but should, in part, "avoid concentrated exposure to loud noise and hazards, such as dangerous machinery and unprotected heights." R. at 13–14. The state agency physician identified these limitations to prevent triggering Plaintiff's migraines, R. at 490, and the ALJ stated she was incorporating the physician's assessment (that Plaintiff "could perform light work with some environmental limitations despite her migraines") into the RFC. R. at 16. Thus, Plaintiff's argument that the ALJ failed to assign *any* migraine-related limitations fails. While Plaintiff has not explained how the record supports greater limitations, "[w]hether the ALJ should have provided *additional* limitations amounts to a disagreement over the weighing of evidence within the record, and 'it is not this Court's role to reweigh that evidence.'" *Austin v. Kijakazi*, 52 F.4th 723, 731 (8th Cir.

2022) (quoting *Schmitt*, 27 F.4th at 1361); *see Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019) (Plaintiff "bears the burden of proof to establish her RFC.").

As for Plaintiff's second argument, substantial evidence in the record supports the RFC. *See Schmitt*, 27 F.4th at 1360. For example, the ALJ found Plaintiff's migraines were likely not debilitating since they "can be controlled by treatment or medication," R.16, as evidenced by Plaintiff's medical record, *see Mabry v. Colvin*, 815 F.3d 386, 391–92 (8th Cir. 2016) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling." (quotation omitted)). While Plaintiff sought "occasional treatment for migraines," she repeatedly indicated her medications were "effective" and "help[ed] control her migraines." R. at 16, 726–27, 729, 742, 761. At one appointment, she even reported "medication eliminates her headaches." R. at 16, 726. The ALJ also considered her emergency room visit in May 2018, wherein Plaintiff reported she ran out of her migraine medicine "which usually works for her." R. at 16, 904–06. Plaintiff also testified that medication alleviates her migraines. R. at 451–52.

In analyzing Plaintiff's subjective complaints, the ALJ found Plaintiff was "more physically and mentally capable than alleged" given her reported daily living activities—i.e., performing household chores and yardwork, getting dressed, babysitting her grandchildren once per week, and participating in physical activities. R. at 16; *see Austin*, 52 F.4th at 730–31 (finding performance of daily "activities without significant disruption discredits [plaintiff's] subjective complaints of disabling [headache] pain and supports the ALJ's decision"); *see Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018). The ALJ also noted her ability to work in the past despite her migraines. R. at 14; *see Bryant v. Colvin*, 861 F.3d 779, 782–83 (8th Cir. 2017) (discussing plaintiff's lack of credibility where his present impairment had not prevented

6
Case 4:20-cv-01013-DGK   Document 15   Filed 12/08/23   Page 6 of 7

him from working in the past). Accordingly, the ALJ's RFC determination is supported by substantial evidence.

The cases cited by Plaintiff to the contrary are not binding on this Court and distinguishable. *See, e.g.*, *Williams v. Kijakazi*, No. 4:20-CV-1493-DDN, 2022 WL 823062, at *10–11 (E.D. Mo. Mar. 18, 2022) (finding the ALJ failed to adequately assess plaintiff's migraines in formulating plaintiff's RFC where the record, in part, demonstrated different ongoing migraines and the need for work absences); *Reza v. Saul*, No. 4:19-CV-04124-VLD, 2020 WL 1866477, at *16–17 (D.S.D. Apr. 14, 2020) (finding the ALJ errored by failing to mention how plaintiff's migraines did or did not affect her RFC).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  December 8, 2023  /s/ Greg Kays
                         GREG KAYS, JUDGE
                         UNITED STATES DISTRICT COURT